UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANNON LUTTRELL,
Personal Representative of the
Estate of Jeremy Shane Luttrell,
Deceased,

      Plaintiff,

v.

THE CITY OF GIBRALTAR,
a Michigan Municipal Corporation,
TIMOTHY TRUSH and MICHAEL LEZOTTE,

      Defendants

Case No. 23-cv-12352

Hon. Jonathan J.C. Grey

| DAVID A. BAJOREK (P39096) | RICHARD V. STOKAN, JR. (P61997) |
|---|---|
| Attorney for Plaintiff | Kerr, Russell and Weber, PLC |
| 6715 Park Avenue | Attorneys for Defendants |
| Allen Park, MI 48101 | 500 Woodward, Suite 2500 |
| (313) 381-9701 | Detroit, MI 48226 |
| bajorek@bajoreklawfirm.com | (313) 961-0200 |
| | rstokan@kerr-russell.com |

## STIPULATED PROTECTIVE ORDER

The parties stipulate to entry of the following Protective Order, and the Court having reviewed the same, **IT IS HEREBY ORDERED** that the following **PROTECTIVE ORDER** be entered:

1.    That the complete personnel file of the individually named Defendants without personal information, including, but not limited to, addresses, social security

numbers, and names of family members but to include the following: (a) citizen complaints; (b) training records; (c) performance evaluations; (d) disciplines; and (e) training records shall be subject to the following conditions:

1. The documents subject to this protective order shall be used solely and exclusively for the purposes of the instant lawsuit and can be used in any and all court filings, judicial proceedings, depositions, alternative dispute resolution proceedings, trial, and/or any other judicially-related proceedings.

2. The documents subject to this protective order shall not be used in or for any other case, proceeding, dispute, or for any commercial, business, or competitive purpose whatsoever.

3. The documents subject to this protective order may be reviewed by Counsel for the parties, Counsels' staff, those individuals associated with the activities cited in subparagraph (1), and such experts and/or consultants as Counsel deems necessary for purposes of this litigation.

4. The documents provided pursuant to this Protective Order may be disclosed only to those individuals and/or entities identified in this protective order and must be used only by those individuals and/or entities identified in this protective order and must only be used for purposes of this litigation.

5. Prior to the disclosure of employment records, the Social Security number, home address, personal telephone number and email of the individually-named employees, their medical conditions (if any), the names of their immediate family members, and the names and addresses of those who have been provided as personal references, may be properly redacted from the files produced. To the extent this information has already been produced and has not been redacted, the parties agree to redact all such information from any documents produced before such documents are attached to any pleading or otherwise submitted or used in this litigation.

**IT IS FURTHER ORDERED** that nothing in this protective order shall prevent a party from filing a Motion for Modification of the Protective Order.

**IT IS FURTHER ORDERED** that this protective order shall survive and remain in full force and effect until the entry of final judgment (including any appellate proceedings) in this case, whether by settlement or litigation, unless otherwise ordered by the Court.

**IT IS FURTHER ORDERED** that the documents produced under this protective order do not constitute an admission and/or agreement that any such document is admissible as evidence in this case. Determinations of evidence admissibility will be made by the Court in separate proceedings.

**IT IS FURTHER ORDERED** that the documents produced pursuant to this protective order shall be destroyed by Plaintiff's and/or Defendants' Counsel after final disposition (including all appeals) of the case except any documents attached to any pleadings filed with the court, deposition exhibits, or other pleadings.

**IT IS FURTHER ORDERED** that this order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to file under seal any paper or other matter in any civil case pursuant to this section shall file and serve a motion or stipulation that sets forth (i) the authority for sealing; (ii) an identification and description of each item proposed for sealing; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and, if a party files a motion only, (v) a memorandum of legal authority supporting the seal. See Local Rule 5.3. No party shall file or otherwise tender to the Clerk any item proposed for sealing unless the Court has entered an order allowing filing under seal.

**SO ORDERED.**

Dated: November 16, 2023

s/Jonathan J.C. Grey
HONORABLE JONATHAN J.C. GREY
UNITED STATES DISTRICT JUDGE

We Stipulate and Agree to Entry of the Above Order:

**s/ David A. Bajorek**
DAVID A. BAJOREK (P39096)
Attorney for Plaintiff

**s/ Richard V. Stokan, Jr.**
RICHARD V. STOKAN, JR. (P61997)
Attorney for Defendants

## **Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 16, 2023.

**s/ S. Osorio**
Sandra Osorio
Case Manager